IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James M. Cuyler, | ) | C/A No.: 3:14-3228-CMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Department of the Army, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff James M. Cuyler, proceeding pro se, brings this wrongful discharge action against the Department of the Army ("Defendant"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without issuance of the summons.

I.      Factual and Procedural Background

This is the third complaint filed by Plaintiff concerning his claim of wrongful discharge against Defendant. *See* C/A No.: 3:08-3261-CMC ("*Cuyler One*"); C/A No.: 3:10-1561-CMC ("*Cuyler Two*"). Plaintiff's initial complaint was dismissed without prejudice for lack of subject matter jurisdiction. *Cuyler One*, Entry #28. Plaintiff's complaint in *Cuyler Two* was also dismissed for lack of subject matter jurisdiction. *Cuyler Two*, Entry #15. This dismissal was "**with prejudice** to pursuit of the same or related claims in this court but **without prejudice** to pursuit of the same or related claims in a more appropriate forum." *Id.* (emphasis in original).

The instant complaint seeks to "reopen" the complaint filed in *Cuyler One*. [Entry #1 at 1, 9].[1] Plaintiff claims that the court denied him a right to a jury trial in *Cuyler One*. *Id.* at 5–7. Plaintiff also argues that Defendant and the U.S. Attorney conspired to lie about legal and ethical violations in *Cuyler One* and that these deceptions influenced the *Cuyler One* decision. *Id.* Plaintiff states that Defendant acted under the color of state and constitutional law, and Plaintiff, therefore, has the right to file suit against Defendant. *Id.*

II.   Discussion

   A.   Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint. This court is required to liberally construe pro se complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such pro se complaints are held to a less stringent standard than those drafted by attorneys, *id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable

---

[1] The Clerk's office docketed this matter as a new action, as Plaintiff's request to reopen his prior case is not timely.

in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Fed. R. Civ. P. 8 for "all civil actions"). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, even when the filing fee is paid, as in this case, the court possesses the inherent authority to ensure that a plaintiff has standing, that federal jurisdiction exists, and that a case is not frivolous.[2] *See Ross v. Baron*, No. 12-1272, 2012 WL 3590914, at *1 (4th Cir. Aug. 22, 2012) ("frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid"); *see also Mallard v. United States Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

---

[2] Plaintiff is not proceeding in forma pauperis. Therefore, 28 U.S.C. § 1915(e)(2), which allows *sua sponte* dismissal of complaints that fail to state a claim, is inapplicable. *Ross* 2012 WL 3590914 at *1 (4th Cir. Aug. 22, 2012).

3

B.     Analysis

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). To this end, Fed. R. Civ. P. 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" When a complaint fails to include "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley*, 191 F.3d at 399 (citation omitted). However, if the court, viewing the allegations in the light most favorable to a plaintiff, finds insufficient allegations in the

4

pleadings, the court will lack subject matter jurisdiction. *Id.; see also Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452–53 (4th Cir. 2012) (finding that when the alleged federal claim is "'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy,'" then subject matter jurisdiction does not exist) (citation omitted).

Plaintiff's complaint states the "jurisdiction of this court is invoked pursuant to 42 U.S.C. § 1983 and under (concurrent jurisdiction) the color of state law and constitutional law." [Entry #1-1 at 3]. The complaint claims Defendant violated Plaintiff's "Fourteenth Amendment rights (42 U.S.C. § 1983)" and "Fifth Amendment rights (Art. 32)," "wrongfully discharged Plaintiff," and "denied plaintiff equal opportunity by delaying a decision in his case more than 5 years." *Id.* There are no additional factual allegations regarding the substance of Plaintiff's underlying claim included in the complaint.

    1.    Sovereign Immunity

The court lacks jurisdiction to entertain this suit because Defendant is entitled to sovereign immunity. "As a sovereign, the United States 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *McLean v. United States*, 566 F.3d 391, 401 (4th Cir. 2009) (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976)). Sovereign immunity cannot be avoided by suing individual agencies or departments of the United States. *See, e.g., Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 259–63 (1999). "Rather, sovereign immunity is implicated any time that "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the

5

effect of the judgment would be to restrain the Government from acting, or to compel it to act." *Dugan v. Rank*, 372 U.S. 609, 620 (1963).

Plaintiffs suing the United States must allege an unequivocal waiver of sovereign immunity and such waivers may not be implied, and must be strictly construed in favor of the sovereign. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *McMahon v. United States*, 342 U.S. 25, 27 (1951). "[T]he United States has not waived sovereign immunity in suits claiming constitutional torts." *Reinbold v. Evers*, 187 F.3d 348, 355 n.7 (4th Cir. 1999). Because Defendant is a department of the United States and because the United States has not consented to suit, the court lacks jurisdiction to entertain a suit against Defendant under the principle of sovereign immunity. *McLean*, 566 F.3d at 401–02 ("[W]e hold that the courts lack jurisdiction under principles of sovereign immunity to entertain his suit against the United States . . . .").[3]

  2.   No *Bivens* suit

Although Plaintiff alleges Defendant violated his constitutional rights, Plaintiff has failed to set forth a cognizable claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights. *Bivens*, 403 U.S. at 397; *see also Carlson v. Green*, 446 U.S. 14, 18 (1980).   To state a claim under *Bivens*, a plaintiff must allege two essential

---

[3] Plaintiff has only indicated the intent to redress an alleged constitutional deprivation, and his pleading has not therefore been construed as a suit under the Federal Tort Claims Act, 28 U.S.C. § 2671, et. seq. ("FTCA"). Additionally, Plaintiff has not shown that he has complied with the requirements of the FTCA. 28 U.S.C. § 2675.

6

elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, Plaintiff has only sued the Department of the Army, which is not a person subject to suit under *Bivens*. *See Randall v. United States*, 95 F.3d 339, 345 (4th Cir. 1996) ("*Bivens* did not abolish the doctrine of sovereign immunity of the United States. Any remedy under *Bivens* is against federal officials individually, not the federal government."). Therefore the undersigned recommends Plaintiff's complaint be summarily dismissed.[4]

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that this case be dismissed without issuance of the summons.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

October 8, 2014                                              Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[4] Additionally, it appears this action is barred by the doctrine of *res judicata*. Because the court dismissed the complaint in *Cuyler Two* with prejudice, this action to reinstate Plaintiff's *Cuyler One* complaint, which is identical to the complaint in *Cuyler Two*, is also barred by the doctrine of *res judicata*. *Res judicata* "precludes the assertion of a claim after a judgment on the merits in a prior suit" brought by the same parties and based on the same cause of action. *Martin v. Am. Bancorp. Retirement Plan*, 407 F.3d 643, 650 (4th Cir. 2005) (citation omitted).

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).