IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| James M. Cuyler, | ) | C/A NO.  3:14-3228-CMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Department of the Army, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to

42 U.S.C. § 1983.  For the reasons set forth below, the matter is dismissed without service of

process.

**BACKGROUND**

***Cuyler One*.**  Plaintiff characterizes his new complaint as a motion or action to reopen *Cuyler*

*v. Department of the Army*, D.S.C. Civil Action No. 3:08-3261-CMC-JRM (*Cuyler One*).  *Cuyler*

*One* was filed in 2008 and alleged a single cause of action under 42 U.S.C. § 1983.  The action was

served but dismissed on Defendant's motion.  Judgment was entered on June 22, 2009.  *Cuyler One*,

ECF No. 28, 29.

The Report recommending dismissal in *Cuyler One*, which was adopted by the court,

addressed not only the Section 1983 claim actually asserted but also other potential bases for the

relief sought.  It, nonetheless, concluded that all potential grounds for relief either failed as a matter

of law or were beyond the subject matter jurisdiction of this court.  *See Cuyler One*, ECF No 23 at

10-13; ECF No. 28 (order adopting Report and dismissing action for lack of subject matter

jurisdiction); ECF No. 33 (order denying motion to alter or amend judgment).[1]

Plaintiff filed multiple post-judgment motions in *Cuyler One*, including a post-judgment objection (ECF No. 32), which the court deemed a motion to alter or amend judgment (ECF No. 33). That motion was denied. *Cuyler One*, ECF No. 33. Plaintiff subsequently filed multiple motions based on alleged improprieties by the judges handling *Cuyler One* including motions to disqualify, motions to add judges as defendants, a motion for review by the Chief Judge, and related "objections" to orders denying Plaintiff's post-judgment motions. *See Cuyler One*, ECF Nos. 35, 39, 40, 46, 49, 50, 55.[2] Plaintiff's last motion in *Cuyler One* was a motion for default judgment against Defendant, which motion was denied on May 24, 2010. *Cuyler One*, ECF Nos. 58, 59.

*Cuyler Two.* Despite his allegations of judicial impropriety, Plaintiff did not appeal the dismissal of *Cuyler One.* He, instead, filed a second action addressing the same claims on June 17, 2010: *Cuyler v. Department of the Army*, D.S.C. Civil Action No. 3:10-1561-CMC-JRM ("*Cuyler*

---

[1] With respect to Subject Matter Jurisdiction, the Report in *Cuyler One* explained that the Department of the Army could not be sued either under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 397 (1971). *Cuyler I*, ECF No. 23 at 10-12. The Report also considered the possibility Plaintiff was seeking to assert a claim under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), §§ 2671 *et seq.*, and explained why he could not assert such a claim. *Cuyler One*, ECF No. 23 at 12. Finally, the Report considered the possibility Plaintiff was seeking to assert a claim under the Tucker Act, 28 U.S.C. § 1346, and explained why the amount of his claim would require that such an action be filed in the United States Court of Federal Claims. *Id.* at 13 ("The United States Court of Federal Claims and district courts have original jurisdiction over non-tort monetary claims against the United States not exceeding $10,000. 28 U.S.C. § 1346(a)(2). For claims in excess of $10,000, however, the Court of Federal Claims has exclusive jurisdiction. *See* 28 U.S.C. § 1491"). The court adopted the recommendations of the Report over Plaintiff's objections, which included arguments that the court could assert supplemental jurisdiction under 28 U.S.C. § 1367 and had original jurisdiction under 28 U.S.C. §1331 because he asserted a claim under 28 U.S.C. § 1983. *Cuyler One*, ECF No. 28 at 4-5.

[2] The undersigned recused as to Plaintiff's motion to amend to add the undersigned as a Defendant. Ultimately, the nature of Plaintiff's motions (including a motion to add another district judge as a Defendant) required three different judges to perform work on *Cuyler One*.

Two"). *Cuyler Two* was dismissed based on a pre-service review. Specifically, the court found that Plaintiff's expressly asserted claims under Sections 1983 and 1985 "have no application to his allegations against the United States Army." *Cuyler Two*, ECF No. 15 at 3 (October 6, 2010 order dismissing expressly asserted claims under Fed. R. Civ. P. 12(b)(6)).

The court, nonetheless, gave Plaintiff the benefit of the doubt and considered whether his allegations might raise a claim under *Bivens* or the Tucker Act, but concluded that no claim was available to Plaintiff against the United States Army under *Bivens* and this court lacked subject matter jurisdiction over a Tucker Act claim in light of the amount in controversy, which Plaintiff alleged exceeded ten million dollars. *Id.* at 4; *see also Cuyler Two*, ECF No. 10 at 4-7 (September 23, 2010 Report addressing absence of subject matter jurisdiction). The order of dismissal concluded as follows:

> Plaintiff's complaint is, therefore, dismissed. *As this is Plaintiff's second assertion of essentially the same claims in the same court, the court finds that dismissal should be with prejudice to assertion of any other action in this court based on the same or related factual allegations.* It is, however, without prejudice to filing the same or related claims in a more appropriate forum if such be available. See Dkt. No. 10 at 6 (suggesting possible jurisdiction in the United States Court of Federal Claims for a claim under the Tucker Act).

*Id.* at 4 (emphasis added).

As in *Cuyler One*, Plaintiff filed multiple post-judgment motions in *Cuyler Two*, all of which were denied. *E.g.* ECF No. 19 (October 19, 2010 Order denying first post-judgment objection). The last order in *Cuyler Two*, denying Plaintiff's motion to reopen the case, was entered on December 16, 2010. Plaintiff did not file an appeal.

**This Action.** As noted above, this action was filed as a new action, although it seeks to reinstate *Cuyler One*. The Complaint expressly relies on Rules 60(b), (d) and 59(e)(3) of the Federal

Rules of Civil Procedure. ECF No. 1 at 1. Plaintiff argues that *Cuyler One* should be reopened

because (1) *Cuyler One* was dismissed without prejudice, (2) Defendant never filed an answer in

*Cuyler One*, (3) no jury trial was conducted, (4) the court was biased and prejudiced and failed to

enter a "final order," (5) Defendant violated Plaintiff's civil rights, and (6) "prior to the Court

rendering an Opinion and Order to Dismiss Plaintiff[s] second Complaint, there was a pending

action against the Court which fall[s] within rule 60(b)(3) and (d) and FRCP rule 59(e)(3)."[3]

## REFERRAL, REPORT AND RECOMMENDATION

In accordance with 28 U.S.C. § 636(b) and Local Civ. Rule 73.02 (B)(2)(e) (D.S.C.), this

matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and

a Report and Recommendation ("Report"). On October 8, 2014, the Magistrate Judge issued a

Report recommending that Plaintiff's complaint be dismissed without issuance and service of

process. ECF No. 23. The Report noted, *inter alia*, the absence of allegations of an express waiver

of sovereign immunity, and Plaintiff's express reliance on 42 U.S.C. § 1983 (which is inapplicable

to Defendant). It also explained why Plaintiff's allegations would not be cognizable under *Bivens*

*v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), or the Federal

Tort Claims Act, 28 U.S.C. §2675 ("FTCA"). ECF No. 23 at 5-7. Finally, the Report noted the

likelihood that the matter would be barred in light of prior dismissals of actions raising the same

---

[3] Plaintiff filed an action against the undersigned and others on October 23, 2009, seeking to assert claims relating to the handling of *Cuyler One*. *Cuyler v. Currie et al.*, C.A. No. 3:09-cv-2774-DCN. The case was assigned to then-Chief Judge David Norton and was dismissed without service and judgment was entered in April 2010. *Cuyler v. Currie*, ECF No. 14 (April 5, 2010 order denying motions to disqualify and for default and dismissing action without service); ECF No. 15 (April 9, 2010 judgment). A post-judgment motion was also denied. ECF No. 20 (February 8, 2011 order denying an April 14, 2010 post-judgment motion to add the presiding judge as a Defendant). Plaintiff did not file an appeal in *Cuyler v. Currie*.

claims. *Id.* at 7 n.4 ("Additionally, it appears this action is barred by the doctrine of *res judicata*. Because the court dismissed the complaint in *Cuyler Two* with prejudice, this action to reinstate Plaintiff's *Cuyler One* complaint, which is identical to the complaint in *Cuyler Two*, is also barred by the doctrine of *res judicata*.")

The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff has timely filed an objection to the Report.

## OBJECTION

In his objection to the Report in this action, Plaintiff acknowledges the dismissal of his two prior actions against the Department of the Army, although he characterizes both dismissals as "fraud by the court." ECF No. 26 at 2. He further suggests procedural error because the dismissal in this case is pre-service, which Plaintiff suggests indicates the court is acting as an advocate for Defendant and improperly applying 28 U.S.C. §§ 1915, 1915A. *Id.* at 2, 4. Plaintiff further argues that the recommended dismissal of this action constitutes "fraud by the court because this court has jurisdiction over all Federal government organizations [and] [t]he Army is a federal organization." *Id.* at 4 (also suggesting that this court has jurisdiction under 28 U.S.C. §1332 because "the amount in controversy exceed[s] $75,000").

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is

5

made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).

## DISCUSSION

The court has conducted a *de novo* review of the record, the applicable law, and the Report and Recommendation of the Magistrate Judge.  Having done so, the court agrees with both the rationale and conclusions of the Magistrate Judge.  Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.  Quite simply, and for reasons explained in prior orders dismissing Plaintiff's earlier actions, this court lacks subject matter jurisdiction over any otherwise viable claim Plaintiff is attempting to assert against the Department of the Army.[4]

To the extent Plaintiff disagreed with the court's reasons for dismissing his earlier actions, he could have appealed those dismissals.  Having failed to do so, he cannot now seek review either by filing a repetitive action, which is barred by the order and judgment in *Cuyler Two*, or seeking to reopen *Cuyler One*.   Further, to the extent Plaintiff relies on allegations of improprieties in the court's handling of his earlier actions, his concerns are not new but were, in fact, raised and addressed in Plaintiff's prior actions, most critically through denial of his various post-judgment motions.   Finally, even if the court were to reopen *Cuyler One* (or *Cuyler Two*), it would immediately dismiss the action for the same reasons those earlier actions were dismissed, lack of subject matter jurisdiction.  *See In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998) (noting federal courts are "constrained to exercise only the authority conferred by Article III of the

---

[4]  The court has included a more substantial summary of Plaintiff's prior actions in order to aid Plaintiff in understanding the reasons for the prior dismissals.

6

Constitution and affirmatively granted by federal statute[,]" which requires them to dismiss actions, even on the court's own motion, when it appears that there is no valid basis for the assertion of subject matter jurisdiction).

This court, therefore, adopts the Report with one clarification.  The Report concludes that the complaint should be dismissed "without service of process" but does not address whether dismissal should be with or without prejudice.  *See* Report at 7, ECF No. 9.  Even as an attempt to "reopen" *Cuyler One*, this matter constitutes a "pursuit of the same or related claims in this court." Accordingly, this matter is dismissed **with prejudice** to pursuit of the same or related claims in this court and without issuance and service of process.

     **IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina
October 22, 2014